IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

DEJARNETTE BLANCHARD
BABANGIDA ADAM
KENNETH BLANCHARD
TERRY BOOTH
  aka "Shiesty"
AUSTIN COBURN
NORMAN DAVIS
LAWRENCE GRAY
TERRY JAMES
CLINTON MCLAUGHLIN
TAEMON POSEY
DEMETRIUS REYNOLDS
MARKEL SAYLES
GILBERT SMITH
ORIES SMITH
DENZEL TOMLIN
DAMOR WILLIAMS

Criminal No. 23- *180*

**[UNDER SEAL]**

FILED

AUG 1 5 2023

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and Jerome A. Moschetta, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

## I. THE INDICTMENT

A federal grand jury returned a nineteen-count indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS CHARGED |
|---|---|---|---|
| 1 | Conspiracy to possess with intent to distribute and distribute a Schedule II controlled substance<br><br>December 2022 to August 2023 | 21 U.S.C. § 846 | D. BLANCHARD: 400 grams or more of fentanyl and a quantity of cocaine base<br><br>ADAM: 400 grams or more of fentanyl<br><br>K. BLANCHARD: 40 grams or more of fentanyl and a quantity of cocaine base<br><br>BOOTH: 40 grams or more of fentanyl and a quantity of cocaine base<br><br>COBURN: 40 grams or more of fentanyl<br><br>DAVIS: 40 grams or more of fentanyl<br><br>GRAY: 40 grams or more of fentanyl<br><br>JAMES: 40 grams or more of fentanyl<br><br>MCLAUGHLIN: a quantity of fentanyl<br><br>POSEY: 40 grams or more of fentanyl and a quantity of cocaine base |

| | | | REYNOLDS: 400 grams or more of fentanyl and a quantity of cocaine base |
| | | | SAYLES: 40 grams or more of fentanyl and a quantity of cocaine base |
| | | | G. SMITH: 40 grams or more of fentanyl |
| | | | O. SMITH: 400 grams or more of fentanyl and a quantity of cocaine base |
| | | | TOMLIN: 40 grams or more of fentanyl |
| | | | WILLIAMS: 40 grams or more of fentanyl and a quantity of cocaine base |
| 2 | Possession with intent to distribute 40 grams or more of fentanyl and 500 grams or more of cocaine  June 16, 2023 | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), and 841(b)(1)(B)(vi) | D. BLANCHARD |
| 3 and 5 | Possession of a firearm and ammunition by a convicted felon  June 16, 2023 | 18 U.S.C. § 922(g)(1) | D. BLANCHARD |

| 4 | Possession of a firearm in furtherance of a drug trafficking offense<br><br>June 16, 2023 | 18 U.S.C. § 924(c)(1)(A)(i) | D. BLANCHARD |
|---|---|---|---|
| 6 | Possession with intent to distribute 40 grams or more of fentanyl and a quantity of cocaine base<br><br>June 16, 2023 | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vi), and 841(b)(1)(C) | D. BLANCHARD<br>K. BLANCHARD |
| 7 | Possession with intent to distribute 40 grams or more of fentanyl<br><br>April 20, 2023 | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi) | ADAM |
| 8 | Possession of a firearm in furtherance of a drug trafficking offense<br><br>April 20, 2023 | 18 U.S.C. § 924(c)(1)(A)(i) | ADAM |
| 9 | Possession with intent to distribute a quantity of fentanyl and a quantity of cocaine base<br><br>March 18, 2023 | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) | BOOTH |
| 10 | Possession with intent to distribute a quantity of fentanyl, a quantity of cocaine, and a quantity of cocaine base<br><br>June 9, 2023 | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) | DAVIS |

| 11 | Possession of a firearm and ammunition by a convicted felon<br><br>June 9, 2023 | 18 U.S.C. §§ 922(g)(1) and 924(e) | DAVIS |
| 12 | Possession of a firearm in furtherance of a drug trafficking offense<br><br>June 9, 2023 | 18 U.S.C. § 924(c)(1)(A)(i) | DAVIS |
| 13 | Possession with intent to distribute and distribution of a quantity of fentanyl<br><br>August 3, 2023 | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) | JAMES |
| 14 | Possession of a firearm in furtherance of a drug trafficking offense<br><br>August 3, 2023 | 18 U.S.C. § 924(c)(1)(A)(i) | JAMES |
| 15 | Possession with intent to distribute 40 grams or more of fentanyl<br><br>July 27, 2023 | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi) | REYNOLDS |
| 16 | Possession of a firearm in furtherance of a drug trafficking offense<br><br>July 27, 2023 | 18 U.S.C. § 924(c)(1)(A)(i) | REYNOLDS |
| 17 | Possession with intent to distribute a quantity of fentanyl<br><br>June 2, 2023 | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) | TOMLIN |

| 18 | Possession of a firearm and ammunition by a convicted felon | 18 U.S.C. § 922(g)(1) | TOMLIN |

June 2, 2023

| 19 | Possession of a firearm in furtherance of a drug trafficking offense | 18 U.S.C. § 924(c)(1)(A)(i) | TOMLIN |

June 2, 2023

## II. ELEMENTS OF THE OFFENSES

### A.    As to Count 1:

In order for the crime of conspiracy to distribute and possess with intent to distribute a Schedule II controlled substance, in violation of 21 U.S.C. § 846, to be established, the government must prove the first four of the following essential elements beyond a reasonable doubt.    To hold a particular defendant responsible, under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vi), and/or 841(b)(1)(B)(vi), for specified quantities of controlled substances as charged in Count One, the United States must prove all five of the following essential elements beyond a reasonable doubt:

1.    That two or more persons agreed to distribute and possess with intent to distribute a controlled substance.

2.    That the defendant was a party to or member of that agreement.

3.    That the defendant joined the agreement or conspiracy knowing of its objectives to distribute and possess with intent to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve those objectives; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve those objectives.

6

4.      That fentanyl and/or cocaine base are Schedule II controlled substances, pursuant to 21 U.S.C. § 812(c), Schedule II.

5.      That the defendant is responsible, as a result of the defendant's own conduct and the conduct of conspirators that was reasonably foreseeable to the defendant, for the amount of the controlled substance(s) attributed to the defendant in Count One of the Indictment. (Apprendi v. New Jersey, 530 U.S. 466 (2000); Alleyne v. United States, 133 S. Ct. 2151 (2013)).

Third Circuit Model Criminal Jury Instruction 6.21.846B (modified).

**B.      As to Counts 2, 6, 7, 9, 10, 13, 15 and 17:**

In order for the crime of possession with intent to distribute and/or distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1), to be established, the government must prove the first three of the following essential elements beyond a reasonable doubt.  To hold a particular defendant responsible under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), and/or 841(b)(1)(B)(vi) for specified quantities of controlled substances as charged in Counts Two, Six, Seven, and Fifteen, the United States must prove all of the following essential elements beyond a reasonable doubt:

1.      That on or about the date(s) set forth, the defendant possessed with intent to distribute and/or distribution of a controlled substance charged in the Indictment.

> United States v. Lartey, 716 F.2d 955, 967 (2d Cir. 1983); United States v. Wright, 593 F.2d 105, 107-108 (9th Cir. 1979); United States v. Tighe, 551 F.2d 18, 21 (3d Cir.), cert. denied, 434 U.S. 823 (1977).

2.      That the defendant did so knowingly and intentionally.

> United States v. Jewell, 532 F.2d 697, 699-700 (9th Cir.), cert. denied, 426 U.S. 951 (1976); United

States v. Kairouz, 751 F.2d 467, 469 (1st Cir.
1985).

3.    That fentanyl and/or cocaine and/or cocaine base is a Schedule II
controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule II.

4.    That the mixture or substance containing a detectable amount of fentanyl
was 40 grams or more; and/or that the mixture or substance containing a detectable amount of
cocaine was 500 grams or more.  21 U.S.C. §§ 841(b)(1)(B)(ii) and 841(b)(1)(B)(vi).

Apprendi v. New Jersey, 530 U.S. 466 (2000).

**C.    As to Counts 3, 5, 11, and 18:**

In order for the crime of possession of a firearm and ammunition by a convicted
felon, in violation of 18 U.S.C. § 922(g)(1), to be established, the government must prove all of
the following essential elements beyond a reasonable doubt:

1.    The defendant knowingly possessed the firearm and/or ammunition
described in the Indictment;

2.    At the time of the charged act, the defendant had been convicted of a
felony, that is, a crime punishable by imprisonment for a term exceeding one year;

3.    At the time of the charged act, the defendant knew that he had been
convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one
year; and

4.    The defendant's possession was in or affecting interstate or foreign
commerce.

Third Circuit Model Criminal Jury Instruction 6.18.922G (modified).

**D.      As to Counts 4, 8, 12, 14, 16, and 19:**

In order for the crime of possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.      That the defendant committed a drug trafficking crime as defined in 18 U.S.C. § 924(c)(2); and

2.      That the defendant knowingly possessed a firearm in furtherance of this crime.

## III. PENALTIES

**A.      As to Count 1: conspiracy to distribute and possess with intent to distribute 400 grams or more of fentanyl (21 U.S.C. § 846):**

1.      A term of imprisonment of not less than ten (10) years to a maximum of life.

2.      A fine not to exceed $10,000,000.

3.      A term of supervised release of at least five (5) years.

If the defendant has a prior conviction for a serious drug felony or a serious violent felony that is final:

1.      A term of imprisonment of not less than fifteen (15) years to a maximum of life.

2.      A fine not to exceed $20,000,000.

3.      A term of supervised release of at least ten (10) years.

If the defendant has two (2) or more prior convictions for a serious drug felony or a serious violent felony that is final:

1.      A term of imprisonment of at least 25 years to a maximum of life.

2.     A fine not to exceed $20,000,000.

**B.     As to Counts 1, 2, 6, 7, and 15: conspiracy to distribute and possess with intent to distribute 40 grams or more of fentanyl; possession with intent to distribute 40 grams or more of fentanyl; possession with intent to distribute 500 grams or more of cocaine (21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B)(ii), and 841(b)(1)(B)(vi)):**

1.     A term of imprisonment of not less than five (5) years to a maximum of forty (40) years.

2.     A fine not to exceed $5,000,000.

3.     A term of supervised release of at least four (4) years.

If the defendant has a prior conviction for a serious drug felony or a serious violent felony that is final:

1.     A term of imprisonment of not less than ten (10) years to a maximum of life.

2.     A fine not to exceed $8,000,000.

3.     A term of supervised release of at least eight (8) years.

**C.     As to Counts 1, 6, 9, 10, 13, and 17: conspiracy to distribute and possess with intent to distribute a quantity of fentanyl and/or a quantity of cocaine base; possession with intent to distribute a quantity of fentanyl, and/or a quantity of cocaine, and/or a quantity of cocaine base (21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C)):**

1.     A term of imprisonment of not more than twenty (20) years.

2.     A fine not to exceed $1,000,000.

3.     A term of supervised release of at least three (3) years.

For a second or subsequent felony drug conviction that is final, whether federal,

10

state, or foreign:

    1.     A term of imprisonment of not more than thirty (30) years.

    2.     A fine not to exceed $2,000,000.

    3.     A term of supervised release of at least six (6) years.

**D.**    **As to Counts 3, 5, 11, and 18: possession of a firearm and ammunition by a convicted felon (18 U.S.C. § 922(g)(1)):**

    1.     A term of imprisonment of not more than fifteen (15) years (18 U.S.C. § 924(a)(8)). However, if it is determined that the defendant has three previous convictions for a violent felony or a serious drug offense, or both, that were committed on occasions different from one another, then pursuant to 18 U.S.C. § 924(e), the term of imprisonment is not less than fifteen (15) years to a maximum of life imprisonment.

    2.     A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

    3.     A term of supervised release of not more than three (3) years (or five (5) years if 18 U.S.C. § 924(e) applies) (18 U.S.C. § 3583).

**E.**    **As to Counts 4, 8, 12, 14, 16, and 19: possession of a firearm in furtherance of a drug trafficking offense (18 U.S.C. § 924(c)(1)(A)(i)):**

    1.     A term of imprisonment of not less than five (5) years nor more than life imprisonment. Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed run concurrently with any other term of imprisonment, including that imposed for the drug trafficking crime (18 U.S.C. § 924(c)(1)).

        United States v. Gray, 260 F.3d 1267, 1281 (11th
        Cir. 2001); United States v. Sandoval, 241 F.3d
        549, 550 (7th Cir. 2001).

    2.     A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

3.      A term of supervised release of not more than five (5) years (18 U.S.C. §§ 3583(b)(1), 3559(a)(1)).

## IV. **MANDATORY SPECIAL ASSESSMENT**

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. **RESTITUTION**

Not applicable in this case.

## VI. **FORFEITURE**

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

ERIC G. OLSHAN
United States Attorney

JEROME A. MOSCHETTA
Assistant U.S. Attorney
PA ID No. 203965